Harry G. Herman, S.
In this executor’s accounting proceeding it appears that there are insufficient funds in the estate to *1028 pay all general legacies in full. The petitioner requests the court to determine whether or not a bequest for perpetual care is a preferred legacy.
The decedent died on September 16, 1962. Article ‘ ‘ second ’ ’ of her will, dated April 20, 1960, and admitted to probate November 14, 1962, provides: “ I give and bequeath the sum of five thousand ($5,000) dollars to kensico cemetery, of Kensico, Westchester County, New York, for the perpetual care of plot number 12737, section 106, belonging to myself and my husband, and plot number 2955, section 13, belonging to my parents.”
The amount required by the Kensico Cemetery for perpetual care of the plot of the testatrix’ parents is $500. The amount required to provide perpetual care for the plot in which the testatrix and her husband were interred is $3,700, and the cost would be the same if the testatrix only were interred in this plot.
Under section 216 of the Surrogate’s Court Act: ‘ ‘ Every executor or administrator shall pay, out of the first moneys received, the reasonable funeral expenses of decedent, and the same shall be preferred to all debts and claims against the deceased.” (Emphasis supplied.)
Subdivision 3 of section 314 of the Surrogate’s Court Act provides: “ the expression 1 funeral expenses ’ includes suitable church or other services, a burial lot and suitable monumental work erected thereon, and a reasonable charge or expenditure for the perpetual care of the decedent’s burial lot.” (Emphasis supplied.)
Section 13-a of the Personal Property Law directs that a provision for perpetual care shall be deemed for charitable and benevolent uses. It further provides: “But nothing herein contained shall affect any existing authority of courts to pass upon the reasonableness of the amount of such gift, grant or bequest.”
In determining whether or not a bequest for perpetual care of a plot in which the remains of persons other than the decedent are interred is a preferred legacy, the court will look to the intention of the testator.
In Matter of Masterton (N. Y. L. J., April 2, 1947, p. 1292, col. 1) the decedent bequeathed $150 for perpetual care of the family burial plot. The sum of $425 was necessary for such perpetual care, but to carry out the intention of the testatrix would necessarily result in an abatement of general legacies. Since the amount stated in the will was insufficient to effectuate the intention of the testatrix to provide a perpetual care fund, Surrogate Griffiths held that such fund should be increased to $425.
*1029 It appearing that the sum of $4,200 is required to effectuate the intention of the testatrix herein, the executor is authorized and directed to expend such sum for such purposes. Article “ second ” of the will is construed as a preferred legacy in this amount.
The corporate executor will be permitted to abandon as worthless the shares of stock set forth in Schedule I of the account, to wit: 50 shares, common stock, New York, New Haven & Hartford Railroad Company, dated November 30, 1942; Cuban Cane Products Co. Inc., $3,000 face, unregistered, 20-year gold debenture, due January 1, 1950.